### RYERS and others *vs.* WHEELER.

Upon an inquisition after a recovery in ejectment to assess the value of the mesne profits of the premises, pursuant to 2 R. S., 311, § 52, it is no defence that defendant occupied the premises with another person under a joint lease to both.

The writ of inquiry is a substitution for the action of trespass for mesne profits, and in such an action defendant could not have set up that he was a joint trespasser with another person, as a ground for reducing the damages. Nor can such an objection prevail on the execution of the writ of inquiry.

But damages can not be assessed on the inquisition for a period of time during which the defendant was not in the occupation, in fact or in law, of the premises.

DEFENDANT moves on a case agreed on to set aside an inquisition to assess the value of the mesne profits of pre-

mises recovered in ejectment. The facts of the case and the grounds of the motion are stated in the opinion.

*J. Taylor*, for defendant.

*H. Wells*, for plaintiffs.

*By the Court*, BEARDSLEY, J. On the execution of the writ of inquiry the jury allowed as damages against the defendant the full amount of the rents and profits of the premises from the 12th day of July, 1837, to the 27th day of December, 1842. The defendant now moves to set aside the inquisition on two grounds.

1. In May, 1838, the plaintiffs brought an action of ejectment against the defendant to recover these premises, alleging the entry of the defendant to have been in July, 1836. The plaintiffs recovered in that action and were duly put into possession on the 13th January, 1843. On the 15th March thereafter, they filed a suggestion under the statute (2 R. S., 310) against the defendant, for the purpose of recovering damages for the use and occupation of the premises. The defendant did not plead to the inquisition, but his default was entered, and the damages were assessed on a writ of inquiry. It appeared on the execution of that writ that the defendant first went into possession of the premises on 12th July, 1837, and he did so in conjunction with one John C. Wheeler, under a joint lease to them from one Bogart. They jointly occupied the premises, as tenants to Bogart, until the 1st April, 1838, when John C. quit the possession, but the defendant remained under a new lease from Bogart. It was objected that the plaintiffs were not entitled to recover against the defendant for the rents and profits during the period of this joint occupation, and that is the first question to be disposed of.

The remedy in this form to recover for the use of premises is given by the statute. It is a substitute for the action of trespass for *mesne profits*, and in form is similar to an action of assumpsit for use and occupation. (§§ 45, 46.) Had the plaintiffs resorted to the action of trespass for *mesne profits*

Ryers and others v. Wheeler.

to recover their damages, it is plain that this objection would have been unavailing. The defendant would have been liable as a trespasser, and could not have been allowed to set up that he was a joint trespasser with another person, as a ground for reducing the damages. Nor can such an objection be permitted to prevail in the present case. The defendant, under this statute, is liable as upon a promise to pay for the rents and profits of the premises recovered, while he occupied the same, and it is not material that an other person may have occupied with him; he must, for the purpose of this remedy, be deemed to have received the full amount of the *mesne* profits and is responsible accordingly. (§ 47.) Had the defendant and his co-tenant, held and occupied the premises, jointly, as tenants to the plaintiffs, each would have been responsible to the full extent of the rent agreed to be paid by them, and the defendant is here responsible upon the same principle and to the same extent. The statute declares he shall be liable for the value of the *mesne* profits of the premises while he enjoyed the same. (§§ 48, 52.) It is not necessary he should have been the sole occupant; if he was in possession with others, he is liable to the full extent of the rents and profits, and for that amount, assessed by a jury, judgment is to be rendered "as in actions of assumpsit for use and occupation." (§ 53.) The first objection can not be sustained.

2. From the 1st of April, 1838, to the 1st of April, 1839, the defendant alone occupied the premises as tenant to Bogart. By the lease from Bogart to the defendant, the latter was to surrender the premises on the 1st of April, 1839, but he was, notwithstanding, to have a right to put in a winter crop on not more than twenty-five acres of said land, and take the same away after the expiration of the lease. The defendant, according to his lease, gave up possession to Bogart on 1st April, 1839, the action of ejectment then being pending, but at the succeeding harvest his winter crops were removed according to the provision in said lease. The jury allowed as damages, not only for the period of the lease from Bogart to the defendant, and until the removal of the crops in the summer of 1839, but for more than three years

after the defendant had quit the possession of the premises as he had agreed to do when he received the lease to himself from Bogart.

We think the jury erred in assessing the value of the rents and profits for a period where the defendant was not in possession in fact, or in judgment of law. He surrendered to his landlord Bogart, and the latter, or some agent or tenant of his, succeeded to the possession. For that time the defendant is not liable to the plaintiff; he is responsible for the time he occupied and enjoyed the premises, but for no other period. (§§ 47, 48, 52.) In this case damages should have been assessed for the time of the joint occupancy by the defendant and John C. Wheeler; for the next succeeding year, while the defendant alone was in possession; and for the use of such parts of the premises as were covered by the winter crops of the defendant until those crops were removed. The inquisition must be set aside and a new writ issued, unless the parties adjust the amount upon these principles, in which case the inquisition may be amended accordingly

Inquisition set aside, costs to abide the event.